## ANTON J. FRITZ v. JOHANNES JOHNSON and Another.[1]

### May 12, 1911.

### Nos. 17,069—(82).

**Dissolution of partnership — findings sustained by evidence.**
> Action for a dissolution of the partnership between the parties hereto, and for an accounting. Evidence considered, and *held*, that it sustains the findings of fact and judgment.

Action in the district court for Carver county to dissolve a partnership, for an accounting, to ascertain the value of the services of plaintiff's wife and adjudging the copartnership to be indebted to plaintiff for the value of such services, to convert the assets of the copartnership into money, to pay its indebtedness and that the assets remaining be distributed to the members. The issue as to the respective shares of the partners made by the pleadings is stated in the opinion. Hon. H. J. Peck was appointed referee in the action and his findings are given in the opinion. Defendant's motion for a new trial was denied, Morrison, J. From the judgment entered pursuant to the findings of the referee, defendants appealed. Affirmed.

*Gjertsen & Lund,* for appellants.
*W. C. Odell,* for respondent.

[1]Reported in 131 N. W. 337.

START, C. J.

The plaintiff commenced this action in the district court of the county of Carver for a dissolution of a partnership existing between him and the defendants, and a marshaling of its assets and the distribution of the residue thereof after the payment of debts. The complaint alleged the formation of the copartnership, and that the plaintiff was the owner of an undivided one-half of its property and assets, and that the defendants owned jointly the other half thereof. The answer admitted the existence of the copartnership, but specially denied that the plaintiff was to have a half interest therein, alleged that he was to own only one-third interest therein and the assets thereof, and the remaining two-thirds was to be owned by the defendants. The cause was referred to a referee for hearing and determination, who found, as corrected by the court, with other facts, the following:

The plaintiff was the owner of a lot in the village of Cologne, with a store building thereon, and of a stock of merchandise therein, and was there carrying on a general mercantile business. He was then indebted for both his store and stock. On October 1, 1893, the plaintiff and the defendant Johannes Johnson entered into a contract of copartnership for the purpose of carrying on such business, by the terms of which the defendant Johannes Johnson agreed to furnish all capital and money necessary to pay the then existing indebtedness upon the real estate and stock of merchandise, and such further sum as might be necessary to increase the stock and further the prosecution of the business, which should constitute his contribution to the capital stock of said copartnership. The plaintiff agreed to manage and conduct the business, and devote his time, services, and experience thereto, which should constitute his contribution to the capital stock of the copartnership, and thereby the plaintiff and defendant Johannes were to become equal owners in the real estate and stock merchandise, and to share alike in the profits and losses of the copartnership and business. The defendant Johannes Johnson, as his contribution to the capital stock, paid into the business, at various times and in various amounts, $5,824.37, under the contract. Thereafter, and on February 15, 1894, the

defendant Johannes sold to his brother, the defendant Peter, an undivided one-half of his interest in the copartnership and its property. Thereupon, upon mutual consent, without any new agreement, the defendant Peter became a member of the copartnership, and its assets remained one-half in the plaintiff, and one-half in the defendants Johannes Johnson and Peter Johnson. The defendant Johannes drew out of the business $3,225.85, and put into it, in addition to his contribution to the capital stock, $1,288.57, and owes the copartnership $1,940.33. The defendant Peter drew out of the business $2,176.26, and paid into it $1,426.23, and owes it $750.03. The plaintiff received from the business $3,732, and put into it $3,003.19, and owes it $728.91. The assets of the copartnership, including the indebtedness of its members to it, are $8,501.15, and its debts amount to $825.84, which includes $500 due to Mrs. Ida Fritz. Judgment was ordered and entered upon the basis of the facts found. The defendants appealed from the judgment.

The most important assignments of error are those which challenge the correctness of the findings of fact as to the original contract of copartnership. If the findings of fact in this respect are sustained by the evidence, many of the other assignments of error are left without any support by the record. The pivotal question, then, is whether the evidence shows that by the contract the plaintiff was to own one-half of the assets, as he claims, or, as the defendants claim, simply to share in the profits in consideration of his services. Counsel for defendants urge with candor and earnestness that "there is no evidence of any kind to support the referee's finding that the plaintiff was to become equal owner with the defendants in the real estate and stock of merchandise." There was no issue made by the pleadings, except as to the extent of the plaintiff's ownership in the assets of the firm. The answer denied that he was to have a half interest, and alleges that he was to have only a third interest, in the copartnership and the assets thereof.

A consideration of the evidence, in connection with the admissions and allegations of the answer, leads us to the conclusion that the finding that the plaintiff was to have a half interest in the assets

of the copartnership is supported by the evidence. Such being the contract, the plaintiff is entitled to participate in the distribution of firm assets, and neither of the defendants is entitled to have his indebtedness to the firm offset against the capital contributed. The claim to the contrary is obviously based upon the assumption that by the terms of the contract the plaintiff was entitled only to a share of the net profits.

It is further assigned as error that other findings of fact are not sustained by the evidence, especially the one that the firm is indebted to Mrs. Fritz in the sum of $500. These assignments of error have been tested by the record and found to be without merit.

It is also urged that the record shows that the plaintiff received money from the firm to the amount of $3,000, which he failed to account for. The evidence does not justify the claim. The fact that the referee found that the value of the merchandise was materially less than the value thereof as alleged in the complaint affords no basis for charging the plaintiff with the difference, in view of the evidence, received without objection, as to the accounts of the respective parties. If the result of the trial of this case seems to be inequitable as to the defendants, it arises from the unwise partnership contract, and not from any error of the referee. It was not error to receive in evidence the plaintiff's account book.

Judgment affirmed.